Parsons, C. J.
The only question in this action is, whether the defendants had legal notice of the protest for non-payment of the bill of exchange. After taking a little time to advise, we are all of opinion that the notice is prima facie sufficient. The holder of the bill made use of the usual mode of conveying notice, by putting the letter containing it into the post-office ; and a mode to which the endorsers must be considered as assenting, or the negotiating of bills payable at a distance would be greatly embarrassed, if not obstructed. For who would buy a bill, to be presented for payment in a remote part of the United. States, if it was to be understood, that if not paid, he must be at the expense of some private messenger, whose accidental sickness or detention on the road would defeat his remedy ?
When a letter is put into the regular post-office, we presume that *260 it was sent and received agreeably to its direction, unless the contrary is proved. Here there is no evidence on that point; the case only stating, that it does not appear that the letter was received by the defendants; and yet, they might, in fact, have received it. [ * 318 ] * If it was agreed that the letter miscarried, and that the defendants did not receive it, it might be a question at whose risk the letter was sent by the mail; and whether, the regular mail being the method of conveyance assented to by the defendants, they must not be answerable for the miscarriage, in the same manner as if a letter sent by their private servant had not been delivered by him. On this last point, however, it is not necessary now to decide. But on the facts stated, we are satisfied that the notice must be considered as sufficient to make the endorsers liable, and that the plaintiff ought to recover.
Therefore, conformably to the agreement of the parties, let the defendants be called. (2)

 [Shed vs. Brett, 1 Pick. 401. — Stanton vs. Blossom, 14 Mass. 116. — Ed.]