#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF STRAFFORD, DECEMBER TERM,

#### A. D. 1836.

---

## JOSEPH WOODMAN *vs.* ANDREW H. JONES and a., executors.

Where a sheriff neglects to return an execution, an action for such neglect must be brought in the name of him in whose favor the execution issued, although he was a mere nominal party, without any interest in the execution.

A letter, containing an execution, and directed to a sheriff in the town where he resided, was put into a post office. Afterwards the sheriff, being requested to return the execution, instead of denying that he received it, refused to have any conversation on the subject. It was *held*, that these circumstances afforded a reasonable presumption that he received the execution.

THIS was an action on the case, against the defendants as executors of Joseph Akerman.

The declaration alleged that the plaintiff, having an execution against one Frederick Cogswell, delivered the same to the said Joseph Akerman, a deputy sheriff, to be executed and returned; and that Akerman neglected to return the execution.

The cause was tried upon the general issue, at October term, 1836, when it appeared in evidence that Jeremiah H. Woodman, having a demand against Cogswell, brought an action upon it in the name of this plaintiff; and having obtained a judgment in that suit, he, on the 28th May, 1830, enclosed the execution in a letter directed to Joseph Aker-

man, in Portsmouth, where Akerman then lived, and put the letter into the post-office at Rochester.

It appeared, by the account of the mails kept at the post-office in Portsmouth, that on the 1st June, 1830, a double letter was received from Rochester.

J. H. Woodman afterwards requested Akerman to return the execution to him ; but Akerman declined talking with him on the subject.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Christie*, for the plaintiff.

*Bartlett*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

It is insisted, that this plaintiff cannot maintain his suit, because he had no interest in the execution which Akerman neglected to return, and therefore can have sustained no injury by that neglect.

But it is wholly immaterial whether this plaintiff was the real, or merely a nominal plaintiff, in the suit against Cogswell. If he was the real plaintiff, he is entitled to maintain this suit for his own benefit ; if he was only a nominal plaintiff, this suit may now be maintained in his name, as the trustee of the person to whom the debt due from Cogswell belonged. It would have been no defence in this suit against Cogswell, to show that the plaintiff had no interest in the action. *5 N. H. R.* 267, *Farnsworth* vs. *Sweet.* Nor can such a defence avail these defendants in this case. Whether the plaintiff is a real, or only a nominal party, is no concern of theirs. According to the settled course of proceeding in cases of this kind, an action for Akerman's neglect in not returning the execution, can be maintained only in the name of this plaintiff. *9 Mass. R.* 251, *Harrington* vs. *Ward.*

It is farther insisted, that the evidence in this case was insufficient to prove the execution in the hands of Akerman.

In actions upon bills of exchange and promissory notes, to prove notice, given to a drawer, or indorser, of non-payment, it is enough to show a letter containing notice was put into the post-office. But in those cases the holder does all the law demands of him, if he puts the notice into the post-office; and it is legal notice, whether the person to whom the letter is directed receive it or not. 6 *Mass. R.* 316; 3 *Pick. R.* 180; 2 *do.* 125; 1 *Peters' S. C. R.* 583; 4 *Bingham* 715.

But in the case now before us, it is necessary to prove the execution actually in the hands of the officer; and the cases which have settled the law relating to giving notice upon bills and notes, do not apply.

And the circumstance that a letter containing the execution, and directed to Akerman, in Portsmouth, was put into the post-office at Rochester, does not seem to be sufficient alone to afford a reasonable ground to presume that Akerman received the execution.

It is very evident, from the case of *Groton* vs. *Lancaster*, 16 *Mass. R.* 110, that a letter put into the post-office, and containing a notice from the overseers of the poor in one town to those of another, respecting a pauper's becoming chargeable, would afford no ground to presume that the notice was received.

But in this case, Akerman, when requested to return the execution, instead of denying that he received it, refused to have any conversation on the subject. This seems to us to be a tacit admission that he received the execution, for no reason can be imagined why, if he had not received the execution, he should not have said so on that occasion. And this circumstance, coupled with the proof that a letter containing the execution, and directed to him, was put into the post-office, furnishes a reasonable ground to presume that he received the execution.

*Judgment on the verdict.*