## THE EAGLE BANK AT PROVIDENCE *vs.* EPHRAIM A. HATHAWAY.

Where there are several successive indorsers of a bill of exchange or promissory note — whether the indorsements be upon actual negotiation for value, or for the purpose of collection only — the holder may send notice of its dishonor to his immediate indorser ; and if that indorser, after receiving such notice, give seasonable notice to his immediate indorser, the latter is liable to his immediate indorsee, though he does not receive notice so soon as if it were transmitted to him by the holder, immediately upon the dishonor : And so of each successive indorser.

A bill of exchange was made payable at Philadelphia to A., or order, who resided in Providence, and he indorsed it, for valuable consideration, after acceptance, to a bank in Providence : This bank indorsed and transmitted the bill to a bank in New York for collection ; which bank also indorsed and transmitted it, for collection, to a bank in Philadelphia : The latter bank caused the bill to be presented to the acceptor for payment, at maturity, and, on payment being refused, caused written notices to be made out for all the parties to the bill, and seasonably sent those notices to the bank in New York ; which bank seasonably sent notice of nonpayment to the bank in Providence, and also enclosed to that bank the notice to

Eagle Bank *v.* Hathaway.

A., the first indorser: The bank in Providence immediately placed this notice to A. in the post office in that city. *Held*, that the notice to A. was seasonable and sufficient, and that he was liable to that bank on his indorsement.

ASSUMPSIT against the indorser of a bill of exchange. The bill was drawn at Providence (R. I.) Feb. 1st 1837, by S. Arnold & Co. upon Williams, Haven & Co. of Philadelphia, for $800, payable, at four months after date, to the defendant or his order, and by him indorsed, and accepted by the drawees.

At the trial before the chief justice, it appeared that the bill was discounted by the plaintiffs, indorsed by their cashier, S. S. Wardwell, and transmitted to the Bank of New York, in the city of New York; that it was there indorsed by A. P. Halsey, cashier of that bank, and transmitted to the Bank of North America at Philadelphia.

On the day when the acceptance became due, which was June 3d, the second day of grace, (the 4th of June, the 3d day of grace, being Sunday,) it was duly presented, by a notary public employed by the Bank of North America, to the acceptors for payment, who stated that it would not be paid; and thereupon he duly protested the same for non-payment. On the next day, the notary made out notices in writing, in due form, that said accepted bill had been presented for payment and was not paid, and that the holders looked to the party addressed for payment; and addressed the notices, severally, to S. Arnold & Co. the drawers, to E. A. Hathaway, and to S. S. Wardwell, the indorsers, and enclosed all of them, with the bill, to " A. P. Halsey, Cashier, New York," and deposited them in the post office at Philadelphia. These notices and the bill were received by said Halsey, through the post office, on Monday June 5th, and on the same day, the notices were enclosed and addressed to " S. S. Wardwell, Cashier, Providence, R. I."

Said Wardwell testified, that on the 6th of June, he received the letter from Halsey, postmarked at New York, June 5th, containing the notices, and that he received the bill on the next day: That he had no recollection of sending the notice to the indorser, but that it was the invariable practice of the bank (the plaintiffs) to deliver all such notices on the day they are re-

ceived, in one or the other of the following modes ; either, 1st, at the residence or place of business of the person addressed, or, 2d, to him personally, or, 3d, to enclose the notice and direct it to the party, and put it into the post office ; and if the party had a box in the post office, to put it into his box.

This evidence of usage was objected to by the defendant's counsel, but was admitted.

Said Wardwell further testified that it was not his practice to keep any record of such notices given to the bank, and that he did not distinctly recollect the fact of receiving the aforesaid notice from the bank at New York ; but ascertained the fact, and the time of receiving it, from his business letters.

It was admitted that the defendant, on the 6th of June 1837, was a merchant resident in Providence.

The defendant took three grounds of defence : 1st. That the notice was not seasonably given ; that as the bill was protested on Saturday, June 3d, the notice from the notary should have been written and deposited in the post office on the same day : 2d. That the notice to the defendant should have been forwarded directly to him at Providence, and not intermediately to New York, whereby it was delayed, and the defendant therefore discharged : 3d. That the facts testified to by Wardwell were not competent and sufficient to prove notice to the defendant as indorser.

The two first objections were overruled. It was ruled that Wardwell's testimony was competent ; and it being agreed to refer to the whole court the question of its sufficiency, and the points of law in the case, a verdict was taken for the plaintiffs by consent.

Judgment to be rendered on the verdict, if the above rulings were right, and if the aforesaid evidence was sufficient to prove due notice to the defendant as indorser ; otherwise, the verdict to be set aside and the plaintiffs to become nonsuit.

*Coffin*, for the defendant.

*Holmes*, for the plaintiffs.

SHAW, C. J.   Several exceptions were taken by the defendant, at the trial ; but the *only one* brought before the court in the

argument is, whether, under the circumstances, notice given to the defendant, through the post office, was sufficient to charge him as indorser.

We suppose it well settled by the usage and practice of merchants and bankers in the United States, that where bills and notes negotiable are indorsed and transmitted from one to another successively, whether it be upon actual negotiation for valuable consideration, or only for the purpose of collection, it is competent for the holder to send notice to his immediate indorser, and if each transmits notice after he himself has seasonably received it, the indorsers are severally liable, although the notice does not reach the earlier indorsers, quite so soon, as if it were transmitted to each indorser at once, by the party who is holder at the time of dishonor, or by the notary employed by such party.*

Then the question is, supposing this notice, thus duly and seasonably made out by the Philadelphia notary, addressed to the defendant, and enclosed to Mr. Wardwell, the cashier of the plaintiff bank, whether it was sufficient, if sealed and deposited by him in the post office of the same town where that bank was established.

It seems to be well settled by decided cases, that where the transaction, which is to be notified, takes place in the same town, in which the party to whom notice is to be given resides, such notice must be personal, or at his domicil or place of business.   Bayley on Bills, (2d Amer. ed.) 277.   *Davis* v. *Gowen*, 1 Appleton, 447.   *Peirce* v. *Pendar*, (*post.* 352.)   And it is equally well settled by similar authority, that when the party resides in another town, notice by the post office is sufficient. *Munn* v. *Baldwin*, 6 Mass. 316.   So it has been held, that in such case notice by mail is so far conclusive, that it is sufficient, though the notice was in fact never received.   *Shed* v. *Brett*, 1 Pick. 401.   But the present case does not come strictly within either of these classes.   The transaction to be notified did not occur in the same town ; but Wardwell, from whom the notice was last forwarded, did live in the same town.

* See *Johnson* v. *Harth*, 1 Bailey, 482.   *Carter* v. *Buri.y*, 9 N. Hamp. 559. *Farmer* v. *Rand*, 4 Shepley, 453.   *Freeman's Bank* v. *Perkins*, 6 Shepley, 292. *Northern Bank* v. *Williams*, 8 Shepley, 217.   3 Kent Com. (3d ed.) 108.   Story on Bills, § 294.

Were it an original question, it is far from certain that notice by the post office would not frequently reach an indorser as soon, and as certainly, as notice at his domicil. Perhaps in large commercial cities, where bankers, merchants, and active men of business usually send to the post office several times a day, notice by the post office would be as prompt as any other. In smaller communities, however, and places more sparsely settled, such notice might be likely to linger in the post office. But it is not a new question. A long course of judicial decisions, either following or governing the usage of merchants and men of business, has settled it. But it is thus settled by positive law, only so far as the cases are within it ; and the present is not On the whole, as the transaction to be notified to the defendant took place in Philadelphia ; as notice to him by mail, either from there, or from New York, when the draft got back to the indorser there, would have been good ; as Wardwell was the conduit of conveyance, and not the party from whom the notice emanated ; as the defendant, if he were looking for notice of the dishonor of this bill of exchange, payable in Philadelphia, would naturally look to the post office for that notice ; we are of opinion that notice by the post office, under these circumstances, must be deemed good.

*Judgment on the verdict.*