PRESIDENT, DIRECTORS AND COMPANY OF THE WAMESIT BANK *vs.* ALDEN B. BUTTRICK.

If on the trial in the court of common pleas of an action under *St.* 1852, *c.* 312, § 3, against parties severally liable on a promissory note, the jury return a verdict in favor of one of them, without finding any verdict as to the others, exceptions to rulings at the trial in favor of that one may be entered in this court, before the case is disposed of as to the others in the court below.

Notices of nonpayment of a promissory note, addressed to all the indorsers respectively, and inclosed in a letter to the last indorser, are sufficient to charge the prior indorsers, although the last indorser was only a collecting agent of the owner and never received the letter.

ACTION OF CONTRACT upon a promissory note, with a first count against Fiske and Norcross, the first indorsers, a second count against Thomas Lord, the second indorser, and a third count against Buttrick, the third indorser, as allowed by *St.* 1852, *c.* 312, § 3. The defendants answered severally.

At the trial in the court of common pleas, there was evidence tending to show that the plaintiffs sent the note for collection to their agents, the Bank of Commerce at Boston, who indorsed it and sent it to their agents in New York; that on the 24th of March 1856 payment was demanded of the maker and refused, and the note duly protested for nonpayment, and notices

thereof, addressed to each indorser, on the same day inclosed by the notary in a letter to the Bank of Commerce at Boston, and put into the post-office at New York and the postage paid; that this letter was never received by the Bank of Commerce, but was lost; that the plaintiffs' cashier received the note with a copy of the protest on the 27th or possibly the 28th of March 1856, and before the evening of the 28th went to Buttrick with the note and notified him of its dishonor, and asked him to waive demand and notice, which he refused to do, saying that he had received no notice; and that the cashier did not know of the failure of the notices until Buttrick told him. The plaintiffs further offered to prove that the note with a copy of the protest was received at the Bank of Commerce on the 26th of March and transmitted the same day to the plaintiffs.

But *Morris, J.* upon this evidence ruled that Buttrick was discharged from his liability as indorser, by reason of want of due diligence in the plaintiffs in notifying him of the dishonor of the note; and directed a verdict for him, which was returned, and judgment rendered thereon for Buttrick, and the action continued so far as related to the other defendants. The plaintiffs alleged exceptions, which were allowed, and entered in this court, and came on for argument at October term 1857, when Buttrick moved to dismiss them.

*B. F. Butler,* for the defendant. These exceptions have been prematurely entered in this court. One trial upon the separate liabilities of three parties defendant has resulted in a verdict for one of them, without disposing of the case as to the others. A second trial against the earlier indorsers may result in a verdict and judgment against them, secure payment of the note from them, and render the question of the liability of the third indorser immaterial. This case cannot be in two courts at once, but, as in the case of an interlocutory decision, must remain in the court below until finally and completely disposed of.

*D. S. Richardson,* for the plaintiffs.

BY THE COURT. When parties severally liable upon a promissory note are joined in the same action, as allowed by *St.*

1852, *c.* 312, § 3, the court is required by the terms of the statute to " enter several judgments according to the several contracts of the defendants, and issue one or more executions thereon, as the case may require." The object of the statute was simply to avoid multiplicity of suits against defendants severally liable on one contract, but not in any way to affect the judgment to be rendered for or against either. By the verdict and judgment in favor of Buttrick, the case was finally disposed of as to him, and he would not be affected by further proceedings against the other defendants. See *Hawkes* v. *Phillips,* 7 Gray, 284. Exceptions to the rulings in his favor at the trial were therefore properly entered at the next term of this court.

*Case to stand for argument.*

*Richardson & A. R. Brown,* for the plaintiffs.

*Butler,* for the defendant. The notice put into the New York post-office, directed to the cashier of the Bank of Commerce, to be by him directed and mailed again to the defendant, was not notice to the latter. The defendant may be presumed to have received his own letters, but not the letters of the cashier of the Bank of Commerce. The conversation between the plaintiffs' cashier and the defendant was not notice to the latter, because the plaintiffs themselves had no notice and could not therefore give it, and because it gave no notice to the defendant that the plaintiff looked to him for indemnity. *Bachellor* v. *Priest,* 12 Pick. 399. *Gilbert* v. *Dennis,* 3 Met. 495.

BIGELOW, J. The facts show that due diligence was used in giving notice of the dishonor of the note to the defendant. Notices in due form, directed to all the indorsers, of the nonpayment of the note were seasonably put into the post-office in New York under cover to the last indorser. This was according to the usage and practice of merchants and bankers, and shows a sufficient compliance with the rule of law requiring notice to indorsers of the dishonor of a note or bill of exchange. It is immaterial that the holder or last indorser held the note for collection only, and was not an indorser for a valuable consideration. *Eagle Bank* v *Hathaway,* 5 Met. 215. The notices

having been seasonably and properly put into the post-office, it is immaterial that they were never received and forwarded, by reason of being lost in the mail. *Munn* v. *Baldwin,* 6 Mass. 316. Due diligence did not require anything further to be done in order to hold the indorsers. Story on Bills, § 382. Bayley on Bills, (2d Amer. ed.) 275. *Exceptions sustained.*