(159 App. Div. 461.)

BRILL et al. v. JEFFERSON BANK.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

BANKS AND BANKING (§ 172*)—COLLECTIONS—PROTEST—NOTICE OF DISHONOR —NEGLIGENCE.

Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 165, provides that, where an instrument has been dishonored in the hands of an agent, he may either himself give notice to the parties thereon, or he may give notice to his principal, but, if he gives notice to his principal, he must do so within the same time as if he were the holder, and the principal on receipt of such notice has himself the same time for giving notice as if the agent had been an independent holder. Section 178 declares that, where a party receives notice of dishonor, he has after receipt thereof the same time for giving the notice to antecedent parties that the holder has after dishonor. Plaintiffs deposited in defendant's bank two notes drawn by S. & Sons and indorsed respectively by G. H. S., who was the wife of one of the makers, and by plaintiffs. The notes, not being paid when due, were protested, and the notary, not being able to find the address of G. H. S., she not being a resident of New York and having no place of business in that city, where the note was payable, inclosed a notice for her in a stamped envelope which he sent to plaintiffs, but they failed to forward it within the time necessary to hold her as an indorser. *Held,* that the notary was not negligent, and hence plaintiff could not recover from the bank on the theory that the debt was lost because of the notary's failure to notify such indorser.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 619–628; Dec. Dig. § 172.*]

---

Appeal from Appellate Term, First Department.

Action by Maurice Brill and others, doing business as Brill Brothers, against the Jefferson Bank. From a determination of the Appellate Term affirming a City Court judgment on a verdict in favor of plaintiffs and denying defendant's motion for a new trial, it appeals. Reversed, and motion to dismiss the complaint granted.

See, also, 142 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Strasbourger, Eschwege & Schallek, of New York City (N. L. Schallek, of New York City, of counsel), for appellant.

Feiner & Maass, of New York City (Herbert H. Maass, of New York City, of counsel), for respondents.

CLARKE, J. The plaintiffs were depositors in the defendant bank and deposited therein two promissory notes, each for $600, payable in four months, drawn by Henry O. Squires' Sons, G. Harry Squires, and indorsed Grace H. Squires, Brill Bros. Mrs. Squires was the wife of G. Harry Squires. The notes were not paid when due and were protested. This action against the bank is based upon allegations of the complaint setting forth that the defendant presented said notes at maturity, the same were not paid, and that defendant did not give due notice thereof to said indorsee Grace H. Squires, but negligently omitted so to do, by reason whereof the notes have not been paid and the said indorsee thereon has been discharged of her liability; that the maker of said notes is insolvent; that collection thereof cannot be made from the maker; and that by reason of the premises plaintiffs have lost the moneys due on said notes. The notary did not know the address of Mrs. Squires. He sent one notice to her care of Henry O. Squires' Sons, 30 Church street, the maker. It is conceded that this would not constitute "due notice" to the indorsee or "reasonable diligence" to satisfy the obligation of the bank. He also sent a notice addressed to Mrs. Squires, with the address blank, and with a two-cent postage stamp attached thereto, inclosed in the envelope addressed to Brill Bros., 47 Cortlandt street, which contained the notice of protest addressed to them.

At the close of the evidence defendant moved to dismiss the complaint upon the ground that plaintiff had failed to make out a cause of action showing negligence on the part of the defendant or its notary. This was denied and defendant excepted. The learned court left the question of negligence to the jury. It charged at plaintiffs' request "that sending a notice to Grace H. Squires directed to Grace H. Squires in Brill Bros. envelope was insufficient to charge Brill Bros. with the duty of forwarding the notice of protest" and "that there was no duty on Brill Bros. to forward it to the indorser," to which defendant excepted. The jury entered a verdict for the plaintiffs for $1,284.08. From the judgment entered thereon and the order denying a new trial, the defendant appealed to the Appellate Term, where said judgment and order were affirmed. From said determination this appeal is taken by leave.

It is conceded that the defendant was the agent of the plaintiffs for the purpose of collecting the notes so deposited with it. The notes were dishonored in its hands. Section 165 of the Negotiable Instruments Law (chapter 43, Laws 1909, chapter 38, Consol. Laws 1909) provides that:

"Where the instrument has been dishonored in the hands of an agent, he may either himself give notice to the parties liable thereon, or he may give notice to his principal. If he gives notice to his principal, he must do so within the same time as if he were the holder, and the principal upon the receipt of such notice has himself the same time for giving notice as if the agent had been an independent holder."

And section 178 provides that:

"Where a party receives notice of dishonor, he has, after the receipt of such notice, the same time for giving notice to antecedent parties that the holder has after the dishonor."

The notary—that is, the bank whose agent he was—not knowing Mrs. Squires' address when he gave notice of dishonor to plaintiffs, subsequent indorsers, inclosed to them, and they duly received, the notice for Mrs. Squires with postage stamps attached. They had the same time within which to give notice to the antecedent indorser that the holder had after the dishonor. They failed to forward the notice sent to their prior indorser. It is conceded in the record that Mrs. Squires did not reside or have a place of business in the city of New York. The notary does not appear to have been negligent. He did what the law required; that is, sent a copy of the notice addressed to Mrs. Squires to the plaintiffs.

In Metropolitan Bank v. Engel, 66 App. Div. 273, 72 N. Y. Supp. 691, the court said:

"The notary　*　*　*　did not know the residence or place of business of any of the indorsers except the Metropolitan Bank, the last indorser, and he forwarded all the notices to that bank in strict compliance with section 175 of the Negotiable Instruments Law (chapter 612 of the Laws of 1897). *　*　* The plaintiff being the last indorser on the notes, and the notary not knowing the address of any of the other indorsers, very properly mailed all the notices to the plaintiff, thus shouldering the responsibility upon the bank to protect itself by sending manifests of protest to the prior indorsers. *　*　*"

It seems to us that, if the plaintiffs have been unable to collect from the indorser by reason of negligence in notifying her of the dishonor, it was their negligence and not that of the bank which promptly did what the law required, and so no cause of action was established.

The determination of the Appellate Term and the judgment and order of the City Court should be reversed, and, as the motion was made to dismiss the complaint, that motion should now be granted, with costs to the appellant in all courts. All concur.