## THE BLUE RIBBON GARAGE, INC., *vs.* R. L. BALDWIN ET ALS.

Third Judicial District, Bridgeport, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Under the law merchant, which the Negotiable Instruments Act has not altered in this respect, notice of the dishonor of negotiable paper held for collection, if given in due form and time by each holder in turn to the person from whom he received it, is sufficient to fix the liability of·all indorsers included in the chain of notice. Each holder for collection is regarded as a real holder, and the party from whom he received the paper as his, the holder's, immediate principal. A rule that required the notice of dishonor to be given by the holder directly to the beneficial owner, disregarding all intervening holders for collection only, would be fruitful of embarrassment and complications in practice, and has no foundation in the Negotiable Instruments Act.

The legal character of the relation which the collecting bank bears to the owner of the note, is determinable as one of law upon the facts found; and inasmuch as a holder for collection is, as matter of law, the agent of the owner, a finding of the trial court that the collecting bank has never been the owner's agent for any purpose whatsoever, must necessarily be disregarded as unwarranted.

Following receipt of his notice of dishonor, the owner of the note at once notified a prior indorser by telephone and on the following day visited and orally notified another indorser. *Held* that these notices complied in all respects with the requirements of law.

That a letter was mailed to A on a certain date·is sufficiently established to warrant a finding to that effect, by proof that the contents of the letter were received by B in another State by the first mail two days later in a letter to him from A.

Argued April 10th—decided June 14th, 1917.

ACTION by an indorsee against the maker and indorsers of a promissory note for $1,000, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff against certain of the defendants, from which they appealed. *No error.*

On February 15th, 1915, the plaintiff became the

owner of the note in suit in part payment for the sale to the defendant Baldwin of an automobile. The note was drawn by the defendant the State of Maine Lumber Company, to the order of the defendant Atwater and was made payable at the Connecticut Trust and Safe Deposit Company of Hartford. It bore the indorsements of the five individuals who were made defendants, including Atwater and Baldwin, against whom the judgment was rendered. The plaintiff still owns the note which remains unpaid. The date of maturity was March 2d, 1915.

February 26th, 1915, the plaintiff deposited it for collection with the First Bridgeport National Bank of Bridgeport. That bank forwarded it in due course of business to their agent, the State Bank of Albany, for collection. The State Bank of Albany, in like manner, forwarded it for collection to its agent, the Hartford National Bank of Hartford. On or before the morning of March 2d, 1915, the last named bank delivered it to the Connecticut Trust and Safe Deposit Company, the place of payment. Payment not having been made at the close of business upon that day, it was handed by the discount clerk of the Trust Company to its teller, who demanded payment, and no payment having been made, wrote across the face of the note "Protested for nonpayment Mar. 2, 1915, Harvey W. Corbin, Notary Public." He then made a certificate of protest and ten notices of protest, one addressed to each of the banks and each party whose name appeared upon the note, pinned the certificate to the original note and placed the note and certificate thus attached, together with the ten copies of the notice of protest, in an envelope and mailed it with its enclosures, including two-cent stamps for each notice save one, to the Hartford National Bank. On the following day the last-named bank mailed the note, certificate of protest and notices,

save only the notice to itself, to the State Bank of Albany. On March 5th the First Bridgeport National Bank received from that bank in the first mail the same enclosures, less the notice to the State Bank of Albany. The Bridgeport Bank immediately thereafter remailed them, less the notice to it, to the plaintiff, who received them during the forenoon of the same day. Upon that day Baldwin was notified by the plaintiff's treasurer by telephone of the dishonor. On the following day Atwater, who resided in New Haven, was visited by the plaintiff's agent and orally notified. No attempt was made by the plaintiff to notify the other indorsers.

*George E. Beers* and *Daniel J. Danaher*, for the appellants (defendants Baldwin and Atwater).

*John Smith*, for the appellee (plaintiff).

PRENTICE, C. J. The course of conduct of the notary who made presentment of the note in suit, and of the several banks through whose hands it passed in the collection process, conformed strictly, in so far as notice of dishonor was concerned, to the requirements of the law merchant formerly controlling, and to those of the negotiable instrument law now in force. By the overwhelming weight of authority under the law merchant, a holder for collection of negotiable paper, which had been dishonored, performed his full duty in respect to notice of its dishonor by giving such notice in due form and time to the party from whom he received it. Where the paper before presentment had passed through several hands, whether they were those of mere holders for collection or of parties having a beneficial interest in it, the approved rule was that notice given by each holder in turn to the prior one from whom it was re-

ceived was notice sufficiently given to fix the liability of all indorsers included in the chain of notice. *United States Bank* v. *Goddard*, 5 Mason (U. S. C. C.) 366, 375; *Eagle Bank* v. *Hathaway*, 46 Mass. (5 Met.) 212, 215; *Phipps* v. *Millbury Bank*, 49 Mass. (8 Met.) 79, 84; *Farmers' Bank* v. *Vail*, 21 N. Y. 485, 487; *Seaton* v. *Scovill*, 18 Kan. 433, 438; *Wood* v. *Callaghan*, 61 Mich. 402, 411, 28 N. W. 162; 1 Daniel on Negotiable Instruments, § 331. Each holder for collection was regarded as a real holder, and his relation to the party from whom the paper was received such that the latter was entitled to be treated as his immediate principal. *Bartlett* v. *Isbell*, 31 Conn. 296, 299; *Phipps* v. *Millbury Bank*, 49 Mass. (8 Met.) 79, 84; *Freeman's Bank* v. *Perkins*, 18 Me. 292, 294; *Howard* v. *Ives*, 1 Hill (N. Y.) 263, 264; *Exchange Bank* v. *Sutton Bank*, 78 Md. 577, 587, 28 Atl. 563.

The Negotiable Instruments Act has not changed the law in any of these respects. The defendants' broad contention, that notice of dishonor to be effective in fixing the liability of indorsers, should be given by the holder at presentment directly to the beneficial owner, disregarding all intervening holders for collection only, is without foundation in the Act and we have so distinctly held. *Gleason* v. *Thayer*, 87 Conn. 248, 250, 87 Atl. 790. Such a requirement, necessitating, as it would, inquiries as to who was the real owner and what his address, and involving embarrassments and complications in accounting as between those through whose hands the paper passed in the process of collection, would be fruitful of such annoyances, difficulties and hazards of miscarriage and loss as to make it an unsatisfactory substitute for the simple, orderly and effective method pursued in this case and by us heretofore approved. The case of *East Haddam Bank* v. *Scovil*, 12 Conn. 303, furnishes a good example of easily

possible consequences. The law under consideration in *Gleason* v. *Thayer*, 87 Conn. 248, 87 Atl. 790, was, to be sure, the Negotiable Instruments Act as it was enacted in New York, but its provisions of present pertinence were identical with those of our own.

The defendants' counsel undertake to escape from the operation of the decision in that case by an attempt to distinguish between the two cases upon the ground that the note in *Gleason* v. *Thayer* presumably was indorsed by the Whaling Bank to the collection bank in New York, whereas it does not appear by the record that the note in this case, when presented for payment, bore any bank indorsements. It would doubtless be quite in accordance with the fact to assume that it did, but that is not a matter of controlling importance. The note, as indorsed upon its delivery to the Bridgeport Bank, was transferable by delivery, and the finding is that it was sent along through the chain of banks for collection. Each bank received and transmitted it to its agent for that purpose, and each receiving bank became its holder for collection, with all the rights, powers and obligations attached to such holders. *East Haddam Bank* v. *Scovil*, 12 Conn. 303, 311.

Counsel for the defendants attach great importance to one of the paragraphs in the finding, and build much of their argument upon it. The paragraph is to the effect that the Connecticut Trust and Safe Deposit Company has never been the plaintiff's agent for any purpose whatsoever. That finding is one of law and not of fact. The legal character of the relation in which the Trust Company stood to the owners of the note is to be determined as a legal conclusion upon the facts. The finding, to be sure, does not state in so many words that the Hartford National Bank delivered the note to the Trust Company for collection for its account, but there is no other reasonable inference from the facts

found than that it did so. The conduct of the parties throughout so indicates quite unmistakably. As a holder for collection is, as a matter of law, the agent of the owner, the finding of the court upon this matter must be disregarded as not justified as a matter of law by the facts. *Gleason* v. *Thayer*, 87 Conn. 248, 250, 87 Atl. 790.

The action of the plaintiff in giving notice to the defendants Baldwin and Atwater, following its receipt in due course from the Bridgeport Bank of the notice of dishonor, complied in all respects with the requirements of the law, and no complaint of irregularity in that respect is made by the defendants.

Certain evidence tending to prove a banking custom in the matter of giving notices of dishonor, was received against objection that it was not permissible to show conformity to a custom at variance with the provisions of statute. The court has found no such custom, nor did it decide the case upon the strength of one. Its decision was based upon the provisions of statute, and compliance therewith.

Two or three objections to the admission of testimony, offered to show that the Hartford National Bank mailed the note, certificate of protest and notices to the State Bank of Albany on March 3d, relate to details which, in view of other testimony, were unimportant. The court was amply justified in finding that it did so upon proof that these papers were received by the Bridgeport Bank by the first mail on the fifth, contained in a letter from the State Bank of Albany addressed to it.

There is no error.

In this opinion the other judges concurred.