## Bank of Alpena *v.* Meyers.

Opinion delivered May 14, 1928.

*Festus O. Butt,* for appellant.

*C. A. Fuller,* for appellee.

Mehaffy, J. C. O. Lamb, one of the appellees, was indebted to O. C. Meyers, the other appellee, and gave him a check for $384 on the Farmers' & Merchants' Bank of Green Forest, dated July 18, 1926, and Meyers deposited the check on the same day in the Bank of

Alpena. The amount of the check was credited to his account. Said check was then forwarded in the usual course and the usual way to its correspondent bank for collection, finally reaching the First National Bank of Green Forest, and on the same day the First National Bank of Green Forest presented it to the Farmers' & Merchants' Bank of Green Forest for payment, and payment was refused.

There is no complaint or charge of negligence because of the manner in which the check was sent to the bank on which it was drawn. The bank called on appellees to pay the amount of the check, and they refused, their contention being that the Bank of Alpena, the appellant, had not notified them as required by law, and the only contention or controversy is as to whether they are discharged because of failure to receive notice from appellant.

The circuit court directed a verdict in favor of appellees, and appellant has properly prosecuted this appeal.

Appellant, Meyers, himself testified that the Bank of Alpena never did notify him until the 13th of August, but that he had learned on the very day that payment of the check had been refused from the cashier of the First National Bank of Green Forest.

A check was sent by another bank to the National Park Bank of New York for presentment to the Columbia Trust Company and for collection. The court said:

"The National Park Bank might have given notice to the parties liable upon the note or to its own principal. * * * Both the Park Bank and the Whaling Bank used due diligence, and the defendant received all the notice of dishonor he was entitled to, either under the Negotiable Instruments Act or under the common law of New York, which, so far as the giving of notice of dishonor is concerned, does not differ from our own common law. As this notice was sufficient, we need not inquire as to the sufficiency of the notice directed to the defendant at New

London." *Gleason* v. *Thayer,* 87 Conn. 248, Ann. Cas. 1915B, 1069.

In the above case the Park Bank, to whom the check was sent for collection, just as it was sent to the National Bank of Green Forest in this case, gave the notice through a notary public, and the court held that that was sufficient notice.

It has been said: "From an examination of the question, we are of opinion that this branch of the law merchant is correctly stated in Ch. Bills, 527, where it is said: 'It suffices if notice be given, after the bill is dishonored, by any person who is a party to the bill, or who would, on the same being returned to him, and after paying it, be entitled to require reimbursement, and such notice will, in general, inure to the benefit of all the antecedent parties, and render a further notice from any of those parties unnecessary, because it makes no difference who gives the information, since the object of the notice is that the parties may have recourse to the acceptor.' This, however, must be taken with the qualification, elsewhere stated, that a stranger to the bill cannot give the notice. * * * It was impossible for the drawer not to have known from it that the bill was unpaid, and that it had been protested by the holder for the purpose of holding the parties liable." *Brailsford* v. *Williams,* 15 Md. 150, 74 American Decisions, 559.

The National Bank of Green Forest was the bank to whom the check was sent for collection, and it had authority to collect, and, upon failure to collect, authority to notify all the parties, or it might have notified the bank which sent it to it. In this case, according to Mr. Meyers' testimony, he was notified the very day that the check was dishonored. He testifies, however, that, if the Bank of Alpena had notified him, he could have protected himself on the 5th of August to the extent of $250, by reason of having in his possession a check made to him which belonged to Lamb. But he actually received the notice on the first day of August, and saw Lamb that day, and concluded that Lamb would make it all right. The notice

served by the Bank of Alpena would not have given him any information or knowledge of any facts that he did not get from the cashier of the First National Bank of Green Forest.

Our conclusion is that the court erred in directing a verdict in favor of the appellees. The judgment is therefore reversed, and judgment is ordered entered here for the appellant for the amount sued for.