DAVID J. LEWIS, Plaintiff, *v.* CHELSEA EXCHANGE BANK, Defendant.

City Court of New York, New York County, April 14, 1930.

*Walter T. Kohn*, for the plaintiff.

*David Brady*, for the defendant.

SCHIMMEL, J.   On the 12th day of April, 1927, plaintiff delivered to the defendant bank for collection a note in the sum of $1,500, payable on the 14th day of April, 1927, at the Penn Trust Company, at York, Pa.; the defendant was informed at the time of such delivery that the place of payment specified in the note was in all probability non-existent; the said note was sent through the mails to the Penn Trust Company, York, Pa., but the same was returned by the Post Office Department with the notation in effect that there was no such bank; in reality the Penn Trust Company, York, Pa., did not exist; plaintiff was notified by the defendant on the 16th day of April, 1927, of the non-payment of the note; the plaintiff did not notify the indorsers of the dishonor of the note.   Plaintiff seeks to recover from the defendant the amount of the note because recourse against the indorsers was lost by reason of the defendant's failure to present properly the note for payment and to protest the same.

The measure of defendant's liability or obligation is ascertained by an inquiry into whether it performed all the requirements imposed by law.   The note upon which this suit is predicated was made payable on the 14th day of April, 1927, at the Penn Trust Company, York, Pa.   Thus defendant was required to make presentment on the day and at the place mentioned in the note.   (Neg. Inst. Law, § 133, subd. 1.)   Presentment was made on the day and at the place where it was made payable, in so far as presentment upon a non-existent bank was possible.   The fact that there was no such bank did not impose a greater duty or corresponding liability on the defendant.   Having attempted to make presentment at the bank specified in the note which could not be effectuated because of the non-existence of the bank, defendant satisfied all the requirements of the Negotiable Instruments Law.   In any event, presentment under the circumstances here present would at most constitute a futile act, and hence was dispensed with.   (Neg. Inst. Law, § 142.)

Defendant, however, was required to notify the plaintiff of presentment for payment, demand and dishonor. Notice of protest is not required whether the note is made payable within or without the State. (Neg. Inst. Law, § 189.) Notice of dishonor, pursuant to section 174, subdivision 3, of the Negotiable Instruments Law, was given to plaintiff. The note herein was due on April 14, 1927, and was returned unpaid. Notice of non-payment was received by defendant bank on April 15, 1927, which in turn notified plaintiff so that the latter received such notice on the 16th day of April, 1927. It then became the duty of the plaintiff to notify the indorsers of such presentment, demand and non-payment. To accomplish this act plaintiff had an additional day. (Neg. Inst. Law, § 178.) His failure to act diligently cannot be charged against the defendant. Had the plaintiff notified the indorsers immediately upon receipt of notice from the defendant, the indorsers would have received timely notice and would, therefore, not have been released from liability. The obligation to give such notice to the indorsers resided in the plaintiff and not in the defendant. (*Brill* v. *Jefferson Bank*, 159 App. Div. 461.)

Motion of defendant to dismiss must be granted, and judgment directed for it.