Mario Pittoni, J.
Motion by the defendant for an order pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings and dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action is granted.
Since the answer puts in issue (1) the allegation of paragraph “ seventh ” of the complaint, i.e., that the plaintiff delivered notes to the defendant, (2) the allegation of paragraph “ eighth ”, i.e., that the defendant undertook to notify indorsers, (3) the allegation of paragraph “tenth”, i.e., that the defendant negligently failed to give notice of protest to the indorsers, (4) the allegation of paragraph “ thirteenth ”, i.e., that the loss was caused solely by the defendant’s negligence, the plaintiff’s bill of particulars may be considered in this motion on these points. (Richardson v. Gregory, 219 App. Div. 211, affd. 245 N. Y. 540.)
Paragraphs “seventh” and “eighth” of the complaint allege that the plaintiff delivered the notes to the defendant for collection, and that the defendant thereupon undertook to pre *571 sent these notes and if dishonored to give notice of such dishonor to the plaintiff payee and the indorsers thereof. The complaint is based on failure to notify indorsers.
The plaintiff thereby alleges a contract by the defendant which would impose greater liability on the defendant as a collecting bank than that imposed by section 165 of the Negotiable Instruments Law. It provides that when an instrument is dishonored in the hands of an agent, he may either himself give notice to the parties liable thereon or he may give notice to his principal. If notice be given to the principal, the principal may then give notice to the parties liable thereon (Brill v. Jefferson Bank, 159 App. Div. 461; Lewis v. Chelsea Exch. Bank, 137 Misc. 153; Britton, Bills and Notes, p. 890). The First Nat. Bank v. Fourth Nat. Bank (77 N. Y. 320) case, cited by the plaintiff for the proposition that the agent must notify the indorsers, was decided before the adoption of the Negotiable Instruments Law, and is contrary to section 165 of that law. Furthermore, the passage referred to is dictum because in that case there was no due presentment.
But despite the allegation of such special contract in the bill of particulars the plaintiff admits it did not deliver the notes to the defendant, but that the Security National Bank delivered the notes to the defendant for collection by mail. The plaintiff also admits it gave no instructions to the defendant, and nowhere alleges any special agreement made between the Security Bank and the defendant. The plaintiff admits in item 3 of the bill of particulars that the defendant’s "undertaking alleged in paragraph ‘ ‘ eighth ’ ’ of the complaint was not in writing, but that after presentment and protest the defendant billed the plaintiff for protest fees. Since there was no written agreement, and since the notes were delivered to defendant by the Security Bank, the plaintiff does not allege any special agreement by the defendant. The defendant’s liability is that imposed by section 165 of the Negotiable Instruments Law; so that if it duly gave notice of the dishonor to its principal it performed its duties.
The plaintiff’s point that under section 350-a of the Negotiable Instruments Law the defendant is an agent of the plaintiff and owes it a duty, is well taken. But it would seem that the duty is met if the defendant made proper presentment (admitted in par. “ninth ” of complaint) and gave notice of the dishonor to its principal.
The answer — as an affirmative defense — in paragraph “ eleventh ” alleges due notice was given by defendant to the Security Bank. Of course, the allegations of the affirmative *572 defense are presumed to be controverted. But the plaintiff in paragraph ‘ ‘ thirteenth ’ ’ of the complaint alleges the loss was solely through the negligence of the defendant. Yet in the certificate of protest it appears that due notice was given, by the defendant to the Security Bank. This shows that the defendant did live up to its statutory duty. It appears that under section 165 of the Negotiable Instruments Law the obligation of defendant as agent to notify its principal is sufficiently met (despite Negotiable Instruments Law, § 350-a which makes the defendant an agent of plaintiff) by notifying the prior bank, Security National Bank, from which it received the note (see, e.g., Gleason v. Thayer, 87 Conn. 248). Further, the certificate of protest shows that the defendant duly notified the plaintiff of the dishonor. While there may be some question as to whether the certificate is prima facie proof of such mailing under section 368 of the Civil Practice Act because it does not set forth the plaintiff’s address, nevertheless, the plaintiff by incorporating the certificate in its bill of particulars has made an admission of the fact that notice was mailed to it.
Since the plaintiff was duly notified of dishonor by the defendant, and since the defendant did what the law required, it was plaintiff’s negligence in failing to give notice of dishonor to the indorsers which resulted in its injury. (Brill v. Jefferson Bank, 159 App. Div. 461, supra; Lewis v. Chelsea Exch. Bank, 137 Misc. 153, supra.)
Motion for judgment on pleadings dismissing the complaint is granted.