Bernard Tomson, J.
The plaintiff and defendant each move for summary judgment. The determination of the motion requires a consideration of the duty imposed upon the defendant bank, as agent for collection of two notes, to send a notice of dishonor to all indorsers when the principal is given such notice. In this matter the notice of protest was given to the maker, to the plaintiff, (the bank’s principal) and to the forwarding banks.
The basic facts alleged are not disputed. The complaint alleges the negotiation of the two notes to the plaintiff; that Rowan Realty Corp. was the maker, that an officer of that corporation, Harry Rowan, indorsed each of the notes; that on the due date of the notes “ the defendant did undertake to protest the said notes for non-payment”; that notice of protest was not given to Harry Rowan; that because of this failure ‘1 it has been adjudicated in the Nassau County District Court ” that Harry Rowan “ is not liable to the plaintiff on said note ”; that the judgment against the maker is uncollectable and that “ that as a result of the defective Notice of Protest issued by the defendant, this plaintiff has been deprived of its rights to recover as against the said endorser and has been damaged in the sum of Four Thousand ($4,000.00) Dollars.”
Whatever doubt there may have existed previously as to the nature of the bank’s duty in the exercise of its function as an agent for collection, the adoption of section 165 of the Negotiable Instruments Law, delineated that duty precisely: ‘ ‘ Where the instrument has been dishonored in the hands of an agent, he may either himself give notice to the parties liable thereon, or he may give notice to his principal. If he give notice to his principal, he must do so within the same time as if he were the *320 holder, and the principal upon the receipt of such notice has himself the same time for giving notice as if the agent had been an independent holder.” The bank’s responsibility is deemed discharged when notice is given to its principal. “ It has been held that since the Negotiable Instruments Law provides that where an instrument is dishonored in the hands of an agent, the agent is required only to give notice to his principal, it is not the duty of a collecting bank, but of the holder of a note on being informed by the collecting bank of its nonpayment, to notify the indorsers.” (5 N. Y. Jur., Banks & Trust Cos., § 499, p. 538, citing Lewis v. Chelsea Exch. Bank, 137 Misc. 153; Brill v. Jefferson Bank, 159 App. Div. 461.) (Also, see, Axinn Lbr. Co. v. Meadowbrook Nat. Bank, 19 Misc 2d 570.)
Section 165 of the Negotiable Instruments Law is identical with section 94 of the Uniform Negotiable Instruments Act (5 U. L. A.) See in this connection: Simon v. Peoples Bank & Trust Co. of Passaic (116 N. J. L. 390, revg. 115 N. J. L. 521); Gleason v. Thayer (87 Conn. 248); De La Vergne v. Glove Print. Co. (27 Col. App. 408); Bank of U. S. v. Lunenfeld (165 Misc. 664).
It would thus appear that had the defendant given notice to the principal alone or to all of “ the parties liable thereon ”, no further question would remain since the defendant then would have complied with the precise requirement set out in section 165. The difficulty is that section 165 states the defendant’s duty in the disjunctive — either (a) “ notice to the parties liable thereon,” or (b) “ notice to his principal.” Here, notice was given to the principal and to some of the parties liable thereon.
Diligent research has not revealed any authority determinative of the precise issue. However, there would seem to be no reason to hold the bank, since by giving notice to additional parties as well as to the principal it merely exceeded the minimum duty imposed on it. Perhaps by pleading and proving a special contract, a course of dealing, misrepresentation or other additional circumstances, an issue of fact might arise as to whether the bank discharged its duty. On the pleading here, however, it appears that the principal having been given notice, any additional notice to other parties concerned was a gratuitous act on the part of the bank, which alone did not mislead the plaintiff to its damage. However unrealistic it may seem to the plaintiff, section 165 specifically imposes upon the principal the duty of examining the notice of protest given to him by his agent and then himself determining which parties are liable *321 on the instrument and to which parties proper notice should be given.
Plaintiff’s motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Judgment is directed to be entered for the defendant, with costs and disbursements.