SIMMONS et al. v. HODGES.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1918. Rehearing Denied May 24, 1918.)

No. 3165.

1. APPEAL AND ERROR ⬡═1008(2)—REVIEW—FINDINGS.
    Where trial was to the court, jury having been waived, a finding by the court on conflicting evidence is conclusive on appeal.

2. BILLS AND NOTES ⬡═353—"PURCHASER FOR VALUE."
    One who pays for negotiable paper with his own negotiable note, in whole or in part, is a "purchaser for value."
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser for Value.]

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BILLS AND NOTES ⊙—353—PURCHASERS FOR VALUE—WHO ARE.

One paying for negotiable paper with his own note retains the character of an innocent holder so long as his own note is outstanding and until maturity; and if before maturity his note is transferred to an innocent purchaser for value, he retains that character despite notice of an infirmity in the original note.

4. BILLS AND NOTES ⊙—353—PURCHASERS FOR VALUE—NOTICE.

Where plaintiff, who purchased a note, giving his own negotiable note in part payment, concealed that fact from the makers, and after his own note had matured paid the same to the original payee, though he had been informed of an infirmity in the note which he had purchased, and it appeared that plaintiff adopted that course to benefit those from whom he received the defective note, he cannot rely on the defense of innocent purchaser for value.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by Floyd R. Hodges against W. W. Simmons and others. There was a judgment for plaintiff, and defendants bring error. Reversed and remanded.

Cullen F. Thomas, Lynn B. Milam, and O. O. Touchstone, all of Dallas, Tex., and Wm. M. Jones, of Farmersville, Tex., for plaintiffs in error.

Joseph E. Cockrell and L. C. McBride, both of Dallas, Tex., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The writ of error was taken from a judgment of the District Court in an action on a negotiable note; the plaintiffs in error being the makers, and the defendant in error the transferee and holder, of the note. The parties waived a jury trial, and the judgment was rendered by the District Judge, who made no special finding of facts.

The makers of the note defended the action in the District Court upon the theory that the note was made conditional and nonnegotiable by a written memorandum attached to it, but which had become detached and lost before suit brought on it. The payee of the note was a partner of the makers, and the makers claimed that the note was to be paid only out of the profits of the firm, and was not to be negotiated by the payee. The payee assigned the note to his brother, and his brother assigned it to the defendant in error. The issues of fact were: (1) Whether the note was conditional or absolute; (2) whether the first taker was a bona fide holder for value without notice; and (3) whether the defendant in error was a bona fide holder for value without notice, as to the whole or a part of the note.

No special findings having been made by the District Judge, it would not be possible to here determine which of these issues the District Judge relied upon in rendering judgment, if there is substantial evidence in the record to support two or more of them. After examining the record, we have concluded that the evidence without conflict shows

⊙—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the note was subject to the condition claimed by plaintiffs in error. There is more doubt as to whether the evidence is conflicting as to the bona fides of E. M. Gribble, the first taker of the note. However, we think his explanation of what occurred at Dallas, when it is claimed he received notice of the infirmity in the note, before his alleged purchase of it, so equivocal and unconvincing as to create no substantial contradiction to the positive testimony of the witness W. M. Jones that notice was then imparted to him. The exclusion of these two issues leaves the judgment to rest upon the bona fides of the defendant in error, the last taker of the note.

[1] His want of notice and payment of value for the note, when he originally bought it, was found by the District Judge on conflicting evidence, and is conclusive on this appeal. It is, however, without dispute that he gave his own negotiable note in the sum of $2,530 in part payment, along with a check for $500, for the note sued upon, which he claims to have bought. It is also without dispute that, before he paid any part of his own note, he received full notice of the infirmity in the note here sued on, and thereafter, and after his own note was long past due, and was still in the hands of the original payee, paid his own note to the original payee. It is also without dispute that he concealed from the makers of the note here sued upon the fact that he had given his own note for five-sixths of the consideration he claims to have paid for their note, even after being notified by them of the infirmity in the note sued on. The only question presented by the record is whether, under these circumstances, the defendant in error can be said to be a holder for value without notice of the note sued upon, as to the amount of his own note given in payment of the note sued on, and which he paid after being notified of the vice in the note sued upon.

[2-4] One who pays for negotiable paper with his own negotiable note, in whole or in part, is a purchaser for value. Greenwood v. Lowe, 7 La. Ann. 197; Dresser v. M. & I. Co., 93 U. S. 92, 23 L. Ed. 815. If his negotiable note is transferred before maturity to an innocent purchaser for value, he retains the character of an innocent holder, though he receive notice of the infirmity in the original paper. So long as his negotiable note is outstanding, and until maturity, he remains also an innocent holder. If his own note remains unpaid until after its maturity, and he pays it after maturity and with notice of the infirmity in the original note, the question whether or not he is an innocent holder of the part of the original note, in payment of which he gave his own note, is a different one. The purpose of the doctrine of bona fide holder is protection only. It cannot be used by the holder to advantage the seller of the negotiable paper, which originated in fraud. Van Winkle Gin Co. v. Bank, 89 Tex. 147, 33 S. W. 862; Dresser v. M. & I. Co., 93 U. S. 92, 23 L. Ed. 815. Protection of the holder being the sole purpose of the rule, its application is limited to cases in which the necessity demands its application. It is also accompanied by a correlative duty on the part of the holder to protect the maker from injury resulting from the fraud, as far as he can do so consistently with due protection to himself. So long as

the holder's own note is outstanding and negotiable, due protection to him demands that he be considered a bona fide holder, since he may be made liable upon it, in spite of any fraud of the payee of it in the original transaction. The most that could be, in any view of it, expected of him, would be to enjoin its negotiation pending the settlement of the rights of the parties to the original paper.

It is not necessary for us to decide whether any such duty rests upon him. In this case, payment was made by the defendant in error after maturity to the original payee, and with full notice. Even when paid under such circumstances, there may be some cases in which the infirmity in the original note is doubtful and contested, or the character of the intermediate transferor, as a bona fide holder himself, a matter of assertion, and in which the maker of the second note would not be required to refuse payment of it, and stand the expense of defending a suit, but would be justified in paying his own note, without awaiting suit, and be permitted to invoke the rule of bona fide holder. This, as we understand, is the effect of the holding in the case of Adams v. Soule, 33 Vt. 538. To successfully invoke the rule, under such circumstances, it is clear the holder would have to show the utmost good faith in endeavoring to avoid payment of his own note, until the right of the holder as against the maker of the original note was determined, and in endeavoring to afford the maker of the original note every opportunity to effectually avail himself of the defense he has against the payee of the original note.

In this case the evidence is convincing that the defendant in error neither endeavored to stay payment of his own note, until the plaintiffs in error could settle their controversy with the prior holders of their note, nor did he even notify the plaintiffs in error that his own note was outstanding, but apparently purposely concealed that fact from the plaintiffs in error until he had paid his own note, when it was too late for them to take steps to protect themselves. We think the record fully shows that the defendant in error used his position as transferee of the original note for value and before maturity, if he was such, not for the purpose of protection, but for the purpose of enabling the payee of the original note and his brother, to whom it was transferred by him, to consummate a fraud upon the makers of the original note. The transactions by which the defendant in error originally acquired the note sued upon, and by which he subsequently paid his own note, given in payment of the note sued upon, after full notice of its alleged infirmity, are concededly attended with such unusual circumstances, and are so contrary to the course of business, as to admit of no construction other than a desire on the part of the defendant in error to make himself a holder for value of the note sued upon, for the purpose of using the vantage ground of that position in an endeavor to assist in the accomplishment of the fraud between the original parties to that note. This the authorities cited and common sense unite to prevent.

These views result in the reversal of the judgment of the District Court, and the remanding of the cause to that court for further proceeding conformable to this opinion; and it is so ordered.