# Farmers National Bank, Appellant, v. Peoples National Bank.

*Promissory notes—Negotiable instruments — Dishonor — Notice to endorsers—Duty of bank forwarding note for collection.*

1. A bank receiving a note for collection which it forwards to its own correspondent, owes no duty to see that the endorsers receive notice of protest in the absence of special agreement or special instructions to forward the notice, if the holder receives notice of the dishonor and protest of the note.

2. A bank receiving a note for collection which it forwards to its own correspondent incurs no liability to the holder for failure to notify an endorser of dishonor and protest of the note, merely because the notice of protest to the endorser was forwarded to it, and it failed to notify the holder that the notice had not been forwarded to the endorser, where the holder was advised in the notice of protest received by it that the notice for the endorser had been forwarded to the bank.

3. In such case it was the duty of the holder to communicate with the bank to ascertain whether it had the address of the endorser and had forwarded the notice, or it should have forwarded the notice of protest to the endorser himself.

Argued Oct. 19, 1918. Appeal, No. 123, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1918, No. 63, sustaining a demurrer to plaintiff's statement in case of Farmers National Bank of Beaver Falls, Pennsylvania, v. Peoples National Bank of Pittsburgh. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Assumpsit by a bank against another bank to recover for loss on a note alleged to have been caused by the negligence of its agents in failing to notify the endorser. Before BROWN, J.

An affidavit of defense was filed in the nature of a demurrer which was sustained by the court. Plaintiff appealed.

*Error assigned* was the order of the court.

*George C. Bradshaw,* with him *Martin & Swaney* and *Thompson & Bradshaw,* for appellant.

*J. Roy Dickie,* with him *Wm. W. Wishart* and *Wishart & Dickie,* for appellee, cited: Phipps v. Milbury Bank, 8 Metc. (Mass.) 79; Mechanics Bank v. Earp, 4 Rawle 385; Farmers National Bank v. Nelson, 255 Pa. 455.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The Farmers National Bank of Beaver Falls was the holder of a note of D. A. Nelson and David Knight for $5,000, and there was deposited as collateral security for its payment, a note dated February 24, 1912, made by T. C. Hulings, payable to the order of T. N. Barnsdall and others, at the Second National Bank of Clarion, for a like amount. Shortly before the due date, this note was forwarded by the Farmers National Bank of Beaver Falls to its correspondent, the Peoples National Bank, at Pittsburgh, for collection. The Peoples Bank of Pittsburgh forwarded it to the First National Bank of Clarion, and this bank, in turn, presented it to the Second National Bank of Clarion, where it was dishonored and protested. The notary public who protested the note made out separate notices of protest for each of the endorsers, one for the Peoples National Bank of Pittsburgh and one for the Farmers National Bank of Beaver Falls. These notices were mailed, the notice to Barnsdall being enclosed with the notice sent to the Peoples National Bank of Pittsburgh. The Peoples Bank failed to forward the notice to Barnsdall nor did it advise its correspondent, the Farmers National Bank of Beaver Falls, that it had omitted to forward it to Barnsdall.

The Farmers National Bank brought suit on the note given by Nelson and Knight to recover the sum of $5,000. This suit was defended upon the ground that the failure to give notice to Barnsdall and the consequent discharge

of Barnsdall as an endorser on the note which was held as collateral, was such negligence on the part of the Farmers Bank and its agent, the Peoples Bank, that there could be no recovery. This defense was successful, the case being heard in this court and the opinion reported in 255 Pa. 455. This suit followed, the appellant claiming that the negligence which resulted in the loss was the negligence of the appellee and that therefore it was entitled to recover the amount of the Barnsdall note. The learned counsel for the appellant with frankness concede at the outset that the law, as laid down by the court below in its opinion entering judgment in favor of the defendant, is perfectly sound. That decision was to the effect that the bank in forwarding a note for collection is the agent of the owner for transmission only; is not liable for negligence or default of its correspondents, and, if it has used reasonable care and diligence in selecting such agent, there is no responsibility.

In the case of Farmers National Bank v. Nelson, supra, Mr. Justice MESTREZAT said, quoting the case of Merchants Natl. Bank v. Goodman, 109 Pa. 422:

"In our own State the principle has in several instances been maintained that a collecting bank is an agent for transmission to a subagent to collect, and when this is properly done its duty is performed and its responsibility is at an end."

Section 94 of the Act of May 16, 1901 (P. L. 208), provides:

"Where the instrument has been dishonored in the hands of an agent, he may either himself give notice to the parties liable thereon or he may give notice to his principal. If he gives notice to his principal, he must do so within the same time as if he were the holder, and the principal upon the receipt of such notice himself has the same time for giving notice as if the agent had been an independent holder."

It is clear therefore that the Peoples National Bank was simply the agent for collection of the note held by

the Farmers National Bank and that, having selected its own correspondent in Clarion, it discharged its full duty. As we view the law, it was no part of its duty to forward the notice to Barnsdall and its failure to do so did not make it liable, provided the Farmers Bank of Beaver Falls received actual notice of the dishonor and protest of the note. It is conceded that this notice was received by the Farmers Bank.

But it is alleged that a further duty was imposed upon the Peoples Bank, namely, that it should have notified the Farmers Bank that the notice which it received in its care for Barnsdall had not been forwarded to Barnsdall, and that as it did not either forward the notice to Barnsdall or send it to the Farmers National Bank at Beaver Falls it was guilty of negligence. This case was disposed of on a demurrer to the statement of claim. The statement of claim nowhere sets forth that the Peoples Bank of Pittsburgh was advised as to the residence or post-office address of Barnsdall. There is no allegation that the Farmers National Bank ever instructed the Peoples Bank of Pittsburgh as to the address of Barnsdall. The Farmers Bank not only received the notice of protest but it was advised in this notice that the notice for Barnsdall had been forwarded to the Peoples National Bank of Pittsburgh. While it does not appear in this case as a fact, and therefore should not be considered, in the opinion of this court in Bank v. Nelson, supra, it is stated that one of the makers of the note testified that he had given the cashier and the assistant cashier of the present appellant the addresses of all the endorsers including that of Barnsdall. But, leaving this significant fact out of consideration, we hold that there was no duty imposed upon the Peoples Bank of Pittsburgh to see that the endorsers received notice of protest, nor was it the duty of the collecting agent, in the absence of special agreement or special instructions, to forward the notice; but that duty lay rather upon the holder of the note, the Farmers

Bank of Beaver Falls. If the Farmers Bank wanted its agent to perform this duty it should have given instructions to its collecting agent as to the address of the endorsers, and its failure to do so was the proximate cause which resulted in the loss to the appellant. Having failed also to give specific instructions as to the address when the appellant received notice that the note had been protested and the notice of protest for Barnsdall had been sent to the Peoples National Bank, it should then have communicated with the Peoples Bank to ascertain whether it had the address of Barnsdall and had forwarded the notice, and, if it found that the Peoples Bank had no address supplied the necessary information in order to permit the notice to be forwarded, or it should have forwarded the notice of protest to Barnsdall itself.

We think that it would be imposing upon a bank acting as a collecting agency a great hardship to see that all notices of protest were properly delivered to the endorsers of paper which it handles simply for collection.

We are not unmindful of the fact that, in the case of Farmers National Bank of Beaver Falls v. Nelson, 255 Pa. 455, above referred to, we said, "The jury found that the failure to give notice to Barnsdall was the negligent act of the plaintiff's agent, and, therefore, the judgment was properly entered on the verdict for the defendant."

The judgment there entered was based upon the finding of fact by the jury, that question having been submitted to them for their determination. In the present instance, however, as between the appellant and the appellee, we are of the opinion, as indicated by what we have said, that there was no negligence by the Peoples Bank and no failure to perform a legal duty which it owed to the Farmers National Bank. From a legal standpoint the negligence which resulted in the loss was primarily and proximately the negligence of the appellant and it is not entitled to recover.

The assignments of error are overruled and the judgment is affirmed.