J. ROSSI, RESPONDENT, v. ALBERT BENEDICT, APPELLANT.

Submitted July 6, 1922—Decided November 8, 1922.

1. There is nothing contained in the District Court act which operates to prevent a defendant from pleading inconsistent defences.

2. The effect of the act of 1914, providing for the filing of an affidavit, is to enable a plaintiff in a suit upon a promissory note in the absence of the prescribed affidavit to proceed without personal proof of the signature upon the note.

On appeal from the District Court of the First Judicial District of the County of Hudson.

Before Justices PARKER, BERGEN and MINTURN.

For the respondent, *Lionel Isaacs,*

For the appellant, *Abram C. Safyer.*

The opinion of the court was delivered by

MINTURN, J. The action was commenced by service of summons upon the defendant, to which summons there was attached a state of demand. Upon the state of demand there was endorsed a notice requiring specification of defences to be filed on or before the return day. On the return day the specification of defences was filed. The trial of the case was adjourned by consent, December 14th, 1921, and on the adjourned day the parties, with their attorneys and witnesses, were present ready for trial. The plaintiff moved for judgment on the pleadings, and gave as his ground for judgment the failure of defendant to file an affidavit as required by *Pamph. L.* 1914, *p.* 319 (*Comp. Stat., first Supp., p.* 581, § 5), and also upon the ground that the specification of defences contained inconsistent defences. Defendant requested leave to file the required affidavit, and to amend the specification of defences. The court denied both requests. Then the defendant demanded that he be allowed to go to trial on his defences, and the court also denied this request, and gave judgment for the plaintiff.

The error of the trial court arose out of a construction of the act of 1914, page 319. The court, misconstruing the effect of that legislation, refused to allow the case to proceed to trial, and gave judgment for the plaintiff, without the necessary formal proof of the amount due upon the note. The effect of the act of 1914 is to enable a plaintiff in the absence of the prescribed affidavit to proceed without personal proof of the signature upon the note. The language of the act is that in the absence of the affidavit "the authen-

ticity of such signature or endorsement shall be taken to be admitted," otherwise the case must proceed to trial for the purpose of proving the amount due upon the note, or of introducing any defence which may be properly pleaded.

In this case the defendant, in compliance with demand by the plaintiff, filed his specification of defences, and he should have been afforded the opportunity of proving them, or any of them, after the plaintiff had submitted his case. There is nothing contained in the District Court act which operates to prevent a defendant from pleading inconsistent defences. That practice is observed in the higher courts, and has been uniformly followed in the courts of England for generations. 1 *Chit. Pl.* 561.

It is also expressly provided by the District Court act that the practice of the Circuit Courts, so far as applicable, shall apply to District Courts. *Comp. Stat., p.* 1977, § 68.

And since the practice of the Circuit Courts is governed by the Practice act, it follows that the provisions of the latter act are applicable to District Courts, unless otherwise expressly provided in the legislation constituting such courts.

The Practice act (*Comp. Stat., p.* 4088, § 116) re-enacting substantially the statute of 4 and 5 *Anne, ch.* 16, provides that "either party may plead in answer to any pleading of the adverse party as many several matters as he shall think necessary."

The only limitation upon this liberal provision is that such pleas, even if inconsistent, shall not be intended to hinder, delay or embarrass a fair trial. *Parks* v. *McClellan,* 44 *N. J. L.* 552.

The judgment, therefore, must be reversed and a new trial ordered.