### LANDERS CO., Inc., et al. v. LINCOLN–ALLIANCE BANK.*

(Circuit Court of Appeals, Fifth Circuit. March 18, 1924. Rehearing Denied April 8, 1924.)

No. 4132.

Bills and notes ☜363—Bona fide holder may elect whom to sue.

    A bank which is the bonà fide holder of negotiable paper is not obliged to apply to its payment a deposit to the credit of its immediate indorser, when the note matures, before bringing suit against the maker and prior indorsers.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Action at law by the Lincoln-Alliance Bank against the Landers Company, Inc., and others. Judgment for plaintiff (297 Fed. 225), and defendants bring error. Affirmed.

W. J. Howard and Sewall Myer, both of Houston, Tex., for plaintiffs in error.

Clarence R. Wharton and Palmer Hutcheson, both of Houston, Tex. (Baker, Botts, Parker & Garwood, of Houston, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. This cause is here on writ of error to the District Court for the Southern District of Texas.

The defendant in error, hereinafter called the plaintiff, sued the plaintiff in error, hereinafter called the defendant, to recover on a negotiable promissory note made by one of the defendants, and indorsed before delivery by the other two to Rosenberg Bros. & Co., which note was before maturity for a valuable consideration indorsed and transferred to it by the payees. The plaintiff is a banking institution, and upon such indorsement and delivery to it of said note credited the account of the payees with the proceeds of the same, which amount was checked out before any notice was received by it of any claim of infirmity, either in the consideration for or fraud in the ob-

taining of the note from the maker and indorsers. It also appears that at the maturity of the note and at the time of bringing suit thereon the payees had moneys, other than the proceeds of the discount of the note, on deposit in the bank.

The defendants set up in defense of the suit that a contract existed between the maker and payees that the payees would sell to the corporation a certain line of clothing, advertise same, for sale, and show in such advertisements the maker as sole agent for the payees; that the note was given for the past-due indebtedness for goods purchased under this agreement, and with the understanding that the relations of the parties would continue until terminated by a notice in the method set up in the answer; that this contract was violated by the payees of the note; further, that at the time of receiving the note the payees gave no notice of intention to terminate the relations theretofore existing, but shortly after receiving the note did terminate the relations, and sold to another merchant, and advertised this other as sole agent. These facts are pleaded as a failure of consideration and as fraud in procuring the note. The answer then proceeds to state that the bank was notified of the infirmities in the note, and had on deposit to the credit of the payees funds sufficient to pay the note at its maturity, and should have appropriated these funds to the payment of the note for the benefit of the maker and indorsers before delivery; that the payees indorsed and transferred said note in order to prevent the defense which might have been made, had the original payees brought suit.

This answer was demurred to by the plaintiff, and the demurrer was sustained by the court. Whereupon the cause went to trial. The plaintiff produced evidence showing the transfer to it before maturity for value of the note; that the proceeds of the discount had been withdrawn before any notice of claim of any infirmity in the consideration for the note or fraud in obtaining same. It also appeared as above noted that the payee had other moneys on deposit at the time of the maturity of the note. The defendants then offered witnesses to prove the allegations made in the answer, which offers were overruled, and the court instructed the jury to find for the plaintiff the principal of the note and interest as therein reserved. Exceptions were duly noted to the refusal of the court to admit the testimony offered, and to the charge of the court.

Errors are assigned here to the court's rulings on the demurrer, refusal to permit the testimony offered, and to the charge. The assignments of error present a single question: Is the bank, who is a bona fide holder of negotiable paper, obliged to appropriate the funds on deposit in the name of its immediate indorser, and not otherwise appropriated to the payment of such paper, before pursuing its remedy against the maker and other indorsers?

It seems to be conceded that this question is answered in the affirmative by the courts of the state of Texas. These decisions were not followed by the District Judge in this case, and we think he was correct. In the case of Dresser v. Missouri & Iowa Railway Construction Co., 93 U. S. 92, on page 93 (23 L. Ed. 815), Mr. Justice Hunt used this language:

"And if the plaintiff had bought the notes in suit for $500, before maturity, and without notice of any defense, and paid that sum, * * * the whole interest in the notes would have passed to him, and he could have recovered the full amount due upon them."

In Germania Bank of New York v. La Follette et al. (C. C.) 72 Fed. 145, Judge Lacombe says on page 146:

"The bank, as bona fide owner of the note, had the right to choose whom it would sue. It does not lose the right so to choose because the motives which induce it to make such choice may be reprehensible."

, Again, in the case of Thomas v. Matthiessen, 232 U. S. 221, at page 236, 34 Sup. Ct. 312, 314 (58 L. Ed. 577), Mr. Justice Holmes, in delivering the opinion of the court, says:

"The defendant was a principal debtor. * * * The fact that the corporation had deposits in the banks that held the notes did not discharge the notes pro tanto."

The Supreme Court of the United States in this last case seems to settle the general law to be that the bank holding the discounted note bona fide and for value is not obliged to apply the deposits of its immediate indorser, before bringing suit against the maker and those principally bound, and it is by the general law that the United States courts must decide this case. If the law was as is contended by the defendants below, the result would necessarily be that, in cases where a bank discounted a note in the ordinary course of business and the person for whom such note was discounted had a deposit in the bank at the time of its maturity, the failure to apply such deposit would result in the discharge of maker and prior indorsers pro tanto to the amount of such deposit, if notice of infirmity is given of acquisition of the paper after the bank acquired the same.

The case of Simmons v. Hodges, 250 Fed. 424, 162 C. C. A. 494, is not authority for the contention made by plaintiff in error in this case The rule laid down in that case seems to be the rule of all the cases I have examined, but has no application to the facts of this case.

The judgment of the lower court is affirmed.