MICHAEL SLAVIN, PLAINTIFF-RESPONDENT, v. PASSAIC NATIONAL BANK AND TRUST COMPANY, DEFENDANT-APPELLANT.

Argued October 23, 1934—Decided January 15, 1935.

342

For the appellant, *Corbin & Harty.*

For the respondent, *Weinberger & Weinberger.*

The opinion of the court was delivered by

HETFIELD, J. This appeal brings up for review a judgment of the Supreme Court, Passaic Circuit, based upon a verdict of the jury directed by the court in favor of the plaintiff, who was a depositor in the defendant bank.

The facts, as presented by the record, show that the plaintiff was induced by one Joseph Marczinko, who was the pastor, as well as the treasurer, of a religious corporation known as St. Stephens Roman Catholic Magyar Church of Passaic, New Jersey, to loan that institution the sum of $4,000, and on February 21st, 1928, drew his check for that amount, payable at the defendant bank, to the order of "St. Stephens Roman Catholic Magyar Church of Passaic, New Jersey," and in return, received a bond and mortgage executed in the name of the church, which purported to cover the church property. The check was presented and cashed at the bank on February 23d, 1928, by the treasurer-priest, and was endorsed "Rev. Joseph Marczinko, Treas. of St. Stephens Rom. Cath. Magyar Church." There is no evidence to indicate that the church corporation received any benefit from

the proceeds of the check, and there was testimony to the effect that the Court of Chancery had decreed the mortgage to be a fraud. This suit was instituted on the grounds that the bank violated the contractual relationship between it and the plaintiff, by cashing the check for a person other than the payee, and upon an unauthorized and improper endorsement.

The only question involved on the present appeal is whether or not the bank was legally authorized to cash a check which was made payable to a corporation upon the sole endorsement of its treasurer.

There is no suggestion in the record that the treasurer of the church corporation had any express authority to endorse and cash checks made payable to the church, and no such power is given under the General Religious Society act of 1875, by virtue of which the church received its charter. There was proof to show that the church had an account with the defendant bank, and by reason thereof, had filed with it a signature card which indicated that three signatures were required to withdraw funds of the church corporation from the bank.

The defendant contends that the treasurer of a corporation has, by virtue of his office, in the absence of any by-law or resolution limiting his powers, authority to cash checks made payable to the order of the corporation. This proposition is legally unsound. The Negotiable Instruments act provides that "where a signature is forged or made without the authority of the person whose signature it purports to be" it is wholly inoperative, and no rights can be obtained thereunder. 3 *Comp. Stat.* (1910), *p.* 3738, § 23. Whether an officer, employe or other agent of a corporation has authority to endorse and cash checks made payable to the corporation is solely dependent upon the well-established rules of agency; and section 19 of the same act provides that "the signature of any party may be made by a duly authorized agent; no particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency." Such an authorization may be conferred

by writing or parol, and may be inferred from circumstances, or implied from the acquiescence of the corporation or its managers in the general course of business. *Crossley* v. *St. Philip Neri*, 74 *N. J. L.* 653; *Jackson Paper Manufacturing Co.* v. *Commercial National Bank*, 199 *Ill.* 151; 65 *N. E. Rep.* 136.

There is no proof, and the appellant does not contend, that the church treasurer, by reason of a previous course of dealing, had the apparent authority to endorse and cash checks payable to the order of the church, but argues that merely by virtue of his office, he had the inherent power to make a transaction of this character. Parsons, in his work on Contracts (1 *Pars. Cont.* (6*th ed.*) 62), says: "An agent's acts in making or transferring negotiable paper (especially if by endorsement) are much restrained. It seems that they can be authorized only by express and direct authority, or by some express power which necessarily implies these acts, because the power cannot be executed without them;" and in 1 *Mechem on Agency* (2*d. ed.*), § 969, that learned author says: "The power to bind the principal by the making, accepting, or endorsing of negotiable paper is an important one, not lightly to be inferred. The negotiable instrument, in our law, is a contract which stands upon an independent footing. * * * Our law therefore properly regards such an authority as extraordinary, and not ordinarily to be included within the terms of general grants; and the rule is abundantly established that it can exist only when it has been directly conferred, or is warranted by necessary implication."

It is well established that the relation between a bank and its depositor is that of debtor and creditor, and the bank is under the legal obligation to disburse the money standing to the credit of the depositor only on his order and in conformity with his directions. *Harter* v. *Mechanics National Bank*, 63 *N. J. L.* 578. Where a bank receives a check drawn on it, payable to a corporation, and endorsed by the corporation's agent, the bank thereby has direct notice of the agency by the endorsement, and is bound to take notice and inquire as to the limitations of his authority. This court, in the case

of *Aerial League of America* v. *Aircraft, &c., Corp.* 97 *N. J. L.* 530, held that "a corporation is bound by the act of an officer or agent only to the extent that the power to do the act has been conferred upon such officer or agent expressly by the charter, by-laws or corporate action of its stockholders or board of directors, or can be implied from the powers expressly conferred, or which are incidental thereto, or where the act is within the apparent powers which the corporation has caused those with whom its officers or agents have dealt to believe it has conferred upon them." While it is customary for some official, or employe of a corporation to be authorized to endorse, in some form, checks payable to the corporation, the sole fact that a person is the treasurer of a corporation does not give him the power to endorse, transfer or cash checks payable to the corporation's order, and a bank which has dealings with a corporation must be assured that an officer, who endorses checks payable to the corporation, and receives from the bank the proceeds therefrom, has such authority. *American Saw Co.* v. *First National Bank of Trenton, New Jersey,* 60 *N. J. L.* 417. It is evident that in the instant case the bank made no inquiry as to the authority of the treasurer to endorse and cash the check in question. By paying to one other than the designated payee, the bank disobeyed the order or direction of its depositor, and for such failure must suffer the consequences.

We have examined the other grounds of appeal, and find them without merit; and conclude that on the proofs as presented by the record, the plaintiff was entitled to the verdict ordered by the court in his favor.

The judgment entered on the directed verdict is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Lloyd, Case, Bodine, Donges, Heher, Perskie, Kays, Hetfield, Dear, Wells, JJ. 12.

*For reversal*—None.