ABRAHAM KRUEGER, PLAINTIFF-RESPONDENT, v. VO-
GEL'S FARM, INCORPORATED, DEFENDANT-APPEL-
LANT.

Submitted January 19, 1937—Decided February 19, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *E. A. & W. A. Schilling*.

For the plaintiff-respondent, *William Krueger*.

BODINE, J.   Plaintiff had judgment in the District Court
upon a check of the following tenor: "Plainfield, N. J.,
August 3, 1936.   No. 1314.   The State Trust Company At
Plainfield, N. J.   55-195   Pay to the Order of Wm. Krueger
$75/100 Seventy-five dollars   Collectible at Par through the
Federal Reserve Bank of New York   Vogel's Farm, Inc.
By. .   .President.   Harry Charles, Secretary.   .   Treas-
urer."   The check had been returned by the bank on which
it was drawn because of lack of a signature.   The only person
who had signed it was Harry Charles, the secretary.   At the
trial, the check was received in evidence after the amount due
thereon was proved.   The testimony of the defendant's secre-
tary when called, and producing the minute book containing a

resolution of the company providing that the funds of the company in the State Trust Company of Plainfield, New Jersey, could be withdrawn only by checks of the company signed in defendant's name by the president, and treasurer, or secretary, was excluded because no affidavit had been filed as required by *Pamph. L.* 1914, *ch.* 168, *p.* 319; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1197, § 70-20a, providing that a plaintiff in suit upon a promissory note in a District Court, in the absence of an affidavit of invalidity, may recover upon a negotiable instrument without personal proof of the signature thereto. *Rossi* v. *Benedict,* 98 *N. J. L.* 81; 118 *Atl. Rep.* 713; *Mechanics Trust Co.* v. *Halpern,* 116 *N. J. L.* 374; 184 *Atl. Rep.* 744.

Whether a corporate officer, or employe, has authority to draw checks upon the corporate account depends upon the well established rules of agency. *Slavin* v. *Passaic National Bank and Trust Co.,* 114 *N. J. L.* 341; 176 *Atl. Rep.* 339.

The only signature to the check is that of Harry Charles. The authenticity thereof was admitted, but there was no proof in the case that Harry Charles was alone authorized to draw company checks. The statute is not broad enough to dispense with the necessity of proving the scope of Charles' authority if the issue was raised. See *VanSyckle* v. *Egg Harbor,* 109 *N. J. L.* 604; 162 *Atl. Rep.* 627; *Hirsch* v. *Ollendorf,* 117 *N. J. L.* 404; 189 *Atl. Rep.* 82. The issue was sought to be raised by an affidavit which the defendant offered to file during the course of the trial. The statute (*Pamph. L.* 1914, *ch.* 168, *p.* 319, *supra*) fixes no time for the filing of such an affidavit. Presumably good practice would require the filing before trial. However, the District Court practice is not designed to be formal, and the plaintiff from the time the check was returned by the bank, on which it was drawn, was fully aware that it lacked necessary signature. The defendant's proofs had they been received would have barred recovery, since they showed a lack of authority. It would seem that it was reversible error to exclude from the files of the court the affidavit tendered.

Judgment is reversed.