## In re ITALIAN COOK OIL CORPORATION.
### No. B–136–49.

United States District Court, D. New Jersey.
June 14, 1950.

Bilder, Bilder & Kaufman, Newark, N. J., for Trustees.

Kipp, Ashen & Somerville, Rutherford, N. J., for Rutherford National Bank.

Lum, Fairlie & Foster, Newark, N. J., for Whitney National Bank.

SMITH, District Judge.

This is a corporate reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq. The proceedings are before this Court at this time on a report heretofore filed by the Referee in Bankruptcy, acting as Special Master, and the objections thereto filed by the Trustees. The question presented is a narrow one, and the facts necessary to its determination are not in dispute.

### Facts

The Debtor maintained a general bank account with the Rutherford National Bank until March 23, 1949, when these proceedings were initiated. The Debtor, having become indebted to the Planters Manufacturing Company, executed and delivered to the said creditor two checks, one in the amount of $12,000.00, payable on March 18, 1949, and another in the amount of $12,675.00, payable on March 23, 1949. These checks were issued on March 8, 1949 and were drawn on the Debtor's account with the Rutherford National Bank. The said creditor deposited the checks with the Whitney National Bank of New Orleans for collection, and this Bank thereafter, on May 11, 1949, forwarded the checks to the Rutherford National Bank for collection. The first check was honored and paid when due.

The second check remained in the possession of the Rutherford National Bank until March 23, 1949, when the present controversy arose. It appears from the undisputed testimony that on the morning of that date, at approximately 7:45, the general manager of the Debtor informed an officer of the said Bank of the Debtor's intention to initiate proceedings under the Bankruptcy Act, and further directed the said officer to stop payment on the check. A written notice was delivered to the said Bank on the same morning at approximately 9:30. The petition for reorganization was filed in the

office of the clerk of this court at 12:55 o'clock on the same day.

The full amount of the check in question, to wit, $12,675.00, was charged against the account of the Debtor and credited to the "suspense account" maintained by the Rutherford National Bank. The proceeds were held, and are still held, by the said Bank. The transaction was entered in the "proof sheets," the daily record maintained by the said Bank, on March 23, 1949, but was not otherwise entered in the records until March 24, 1949. The balance on deposit with the Bank, the total less the amount of the said check, was paid to the Trustees on demand.

Thereafter the Rutherford National Bank commenced an action of interpleader in the Superior Court of New Jersey and joined as defendants the Trustees, the Planters Manufacturing Company and the Whitney National Bank of New Orleans. The Trustees then filed a petition and an amended petition in this court in which they asserted a right to the full amount on deposit with and still retained by the Bank. The Trustees sought relief appropriate to the enforcement of the right thus asserted, to wit, the restraint of the Rutherford National Bank, the determination of the rights of other claimants, and the payment to them, the Trustees, of the sum still retained by the Bank.

The summary jurisdiction of the bankruptcy court was challenged by the Rutherford National Bank, the Planters Manufacturing Company, and the Whitney National Bank of New Orleans in answers filed in response to the order to show cause which issued on the petition. The matter was referred to the Referee in Bankruptcy, acting as Special Master, who, after hearing, sustained the challenge on the ground that the Rutherford National Bank was an adverse claimant. The entire record is now before this Court.

### Discussion

■ It is now well settled that property in the actual or constructive possession of the debtor when the petition is filed vests in the trustee and becomes subject to the exclusive jurisdiction of the bankruptcy court. Since the summary jurisdiction of the bankruptcy court is necessarily dependent upon the actual or constructive possession of property, it becomes necessary to determine the nature of the property to which the Trustees here succeeded.

■ It is our opinion that the bank deposit was nothing more than a chose in action, a right to demand and enforce payment of a debt. The specific funds lost their character as tangible property upon their deposit by the Debtor; the relationship between the Debtor and the Bank then became that of creditor and debtor. Slavin v. Passaic Nat. Bank & Trust Co., 114 N.J.L. 341, 176 A. 339; Maurello v. Broadway Bank & Trust Co., 114 N.J.L. 167, 176 A. 391; Meyer v. Meyer, 124 N.J. Eq. 481, 2 A.2d 467; John Wills, Inc. v. Citizens Nat. Bank, 125 N.J.L. 546, 16 A.2d 804. It is the settled law of this State that a deposit in the general account creates the relationship of debtor and creditor as between the bank and the depositor. Ibid.

■ The summary jurisdiction of a court of bankruptcy extends "only to the person of the bankrupt and to property in his possession or in the possession of third persons who do not claim adversely to him or whose claims are colorable only." In re Standard Gas & Electric Co., 3 Cir., 119 F.2d 658, 661. It was further stated in the cited case, 119 F.2d at pages 661 and 662: "a claim by a debtor against a third person is property of the debtor. As such the reorganization court may direct its prosecution by the trustee of the debtor if it is appropriate to do so in order to effect the debtor's reorganization. But it is a species of property which may only be realized upon for the benefit of the debtor and its creditors by the *successful prosecution of a plenary suit against the third persons involved*." (Emphasis by the Court.) See also In re Joslyn's Estate, 7 Cir., 168 F.2d 803, and In re Roman, 2 Cir., 23 F.2d 556.

We direct the attention of the litigants to the case of In re Roman, supra. There the trustee invoked the summary jurisdiction of the bankruptcy court to enforce payment of a sum due under a settlement agreement. It was therein stated, 23 F.2d

at pages 557, 558, "It would not be permissible to collect *even a bank deposit due a bankrupt by these means.* So far as possession can be imputed to such property at all, it is confined to the rights of the bankrupt to enforce the promise. The trustee must proceed as the bankrupt must have proceeded, in a court having competent jurisdiction in such causes. This was clearly the distinction which the court had in mind in Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533, where the discussion turned entirely upon whether a seat in a trading exchange was property or a chose in action, and where the decision depended upon the view that it was property. *Where procedural questions are at stake, such differences go to the essence,* and we could not affirm the order without vesting in the bankruptcy court power summarily to try actions in contract, at least so far as to decide whether the defense is real." (Emphasis by the Court.)

The present petition has for its object not the recovery of specific tangible property in the possession of the Bank but the enforcement of a claim against the Bank. It is true, as the Trustees suggest in their brief, that the Bank asserts no claim against the bank deposit. This, however, is not determinative of the question of jurisdiction. The Bank refuses to pay the debt because of an adverse claim asserted by a third party, to wit, Planters Manufacturing Company, and challenges the jurisdiction of a bankruptcy court to determine the issues of the controversy. The reasons assigned by the Bank for its refusal to pay the full amount of the deposit may be without merit, Creveling v. Bloomsbury Nat. Bank, 46 N.J.L. 255, 50 Am. Rep. 417; National Bank of New Jersey v. Berrall, 70 N.J.L. 757, 58 A. 189, 66 L.R.A. 599, 103 Am.St.Rep. 821, 1 Ann.Cas. 630; Liberty Trust Co. v. Haggerty, 92 N.J.Eq. 609, 113 A. 596, affirmed 93 N.J.Eq. 198, 113 A. 596, 115 A. 926, but it nevertheless has a right to insist that the issues of the controversy be decided by a court of competent jurisdiction. The Bank cannot be compelled to submit to the summary jurisdiction of a court of bankruptcy.

Conclusion

It is our conclusion that this court, as a court of bankruptcy, is without jurisdiction for the reasons herein stated. The petition filed herein by the Trustees must therefore be dismissed.