**In the Matter of MERCY–DOUGLASS HOSPITAL, INC.**

**No. 70–762.**

United States District Court,
E. D. Pennsylvania.
Oct. 10, 1973.

See also, D.C., 356 F.Supp. 977.

Irvin D. Ellis, Shapiro & Ellis, Haverford, Pa., for petitioner.

Lawrence D. Biele, Philadelphia, Pa., for Mercy-Douglass (bankrupt).

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Mercy-Douglass Hospital, Inc. (hereinafter called Mercy-Douglass) was bankrupt and filed its petition for reorganization under Chapter X of the Bankruptcy Act, which was allowed on December 15, 1970. Since then and presently, Mercy-Douglass has been administered under the provisions of the Bankruptcy Act.

On August 1, 1973, the Walnut Equipment Leasing Co., Inc. (hereinafter called "the creditor") confessed judgment against the Trustee of Mercy-Douglass in the Court of Common Pleas of Montgomery County, Pennsylvania, to Number 73–9372, in the amount of $9,663.83 in favor of the creditor.

Without prior notice, service of complaint, or otherwise, the creditor caused a writ of execution to issue and attached Mercy-Douglass funds on deposit in the Continental Bank.

On August 15, 1973, this Court entered an Order which stayed the Common Pleas action and judgment entered thereon, dissolved the attachment and ordered Walnut Equipment Leasing Co., Inc. to show cause why the judgment should not be declared vacated, null and void, and why damages should not be assessed.

Now before this Court is the question of whether or not the judgment should be declared vacated, and if so, whether or not damages should be assessed against the creditor.

For the reasons stated hereafter, this Court finds that it only has the power to stay the proceedings of the State Court, not to vacate them entirely. Therefore, this Court only has the power to dissolve the State Court attachment, not to nullify its judgment.

The Supreme Court has held that when property is in the actual or constructive possession of the bankrupt at the time of reorganization, it cannot be taken by attachment or foreclosure without the bankruptcy court's consent. Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645 (1931); Magnolia Petroleum Co. v. Thompson, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940). See also National Automatic Tool Co. v. Goldie, 27 F.Supp. 399 (D.Minn.1939). On the other hand, if the property is not in the possession of the bankrupt, then it can be attached or foreclosed without the bankruptcy court's permission. Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060 (1931); Murphy v. John Hofman Co., 211 U.S. 562, 29 S.Ct. 154, 53 L.Ed. 327 (1909). In the present case we are dealing with the attachment of the bank account of Mercy-Douglass. A bank account is within the possession of the bankrupt, and therefore can not be attached without the bankruptcy court's

permission. Penn Central Transp. Co. v. Nat'l City Bank, 315 F.Supp. 1281 (E.D.Pa.1970), aff'd sub nom. In re Penn Central Transp. Co., 453 F.2d 520 (3d Cir. 1972); In re Italian Cook Oil Corp., 91 F.Supp. 72 (D.N.J.1950); In re Scranton Knitting Mills, 21 F.Supp. 227 (M.D.Pa.1937). The creditor never obtained this permission, and therefore this Court dissolved the attachment. See 6 Collier on Bankruptcy ¶ 3.32 at p. 651.

However, is the underlying judgment still valid? Mercy-Douglass claims that the bankruptcy court has exclusive jurisdiction, and therefore the judgment is invalid. The creditor claims that the bankruptcy court and the State Courts have concurrent jurisdiction, and therefore the judgment is valid.

 First it must be noted that this action was brought against the trustee, not the bankrupt. Suits against the Trustee can be divided into three classes: (1) suits against the Trustee *personally* for wrongs committed while performing the duties of his office, (2) suits against the Trustee regarding the property of the bankrupt estate, i. e. concerning claims arising *before* the reorganization petition was filed, (3) suits against the Trustee in connection with the carrying on of the bankrupt's business, i. e. concerning claims arising *after* the petition was filed. It is only in class (2) that the bankruptcy court has exclusive jurisdiction. In either of the other two classes, a suit can be brought in a State Court without permission of the Bankruptcy Court. 2 Collier on Bankruptcy ¶ 21.13[2] at p. 598, ¶¶ 23.20–23.21 at pp. 642–647; 6 Collier on Bankruptcy ¶ 331[2] at p. 646.

The present case falls squarely within class (3), and therefore the State Court had concurrent jurisdiction with the Bankruptcy Court. Therefore the State Court judgment is valid and can not be vacated. Thompson v. Texas Mexican RCO, 328 U.S. 134, 66 S.Ct.

937, 90 L.Ed. 1132 (1946). See also Vass v. Conron Brothers Co., 59 F.2d 969 (2d Cir. 1932), per Learned Hand.

Since we have ascertained that the State Court judgment is valid, we need not consider the issue of assessing damages against the creditor. However, since we have dissolved the attachment, the creditor must take his State Court judgment before the Bankruptcy Court, and file his claim so that the Bankruptcy Judge can consider it along with all other claims against Mercy-Douglass.